IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH ALLEN NEIGHBORS,

       Plaintiff,                    No. CIV S-04-2238 GEB KJM P

    vs.

R. AGATHA, et al.,

       Defendants.          ORDER

_____/

       Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief under 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 under 28 U.S.C. § 636(b)(1).

       Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

       Plaintiff is required to pay the statutory filing fee in effect at the time of filing of his action, $150.00. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28

1  U.S.C. § 1915(b)(2).

2        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

      A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

      A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

      Plaintiff alleges that he filed a small claims action in Amador County Superior Court in December 2003, that the court ruled in defendants' favor in April 2004, that plaintiff submitted a motion to vacate the judgment and provided a stamped self-addressed envelope for an endorsed copy to be returned to him.  He did not receive his endorsed copy nor did the clerk,

whom he identifies as 10028 or defendant Agatha, respond to his letters of inquiry.  Plaintiff alleges that these failures deprived him of his right of access to the court and to due process of law.

An inmate has a constitutionally protected right of meaningful access to the courts.  Bounds v. Smith, 430 U.S. 817, 820-21 (1977).  To prevail, however, it is not enough for an inmate to show some sort of denial of access: he must also show "actual injury."  The Supreme Court has described the actual injury requirement:

> [T]he inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim.  He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known.  Or that he suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint.

Lewis v. Casey, 518 U.S. 343, 351 (1996).  If the underlying action is frivolous, a plaintiff cannot make the necessary showing of actual injury.  See Christopher v. Harbury, 536 U.S. 403, 415 (2002).

Plaintiff has made absolutely no showing as to how the purported failure to return an endorsed copy of his motion denied him access to the court or how the underlying action had any merit.

The procedural protections of the Fourteenth Amendment's due process clause apply only when a constitutionally protected liberty or property interest is at stake.  See Ingraham v. Wright, 430 U.S. 651, 671 (1977).  Plaintiff has not explained how the alleged failure to return the endorsed copy of his pleading implicated his due process rights.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

1  there is some affirmative link or connection between a defendant's actions and the claimed
2  deprivation. <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir.
3  1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory
4  allegations of official participation in civil rights violations are not sufficient.  <u>Ivey v. Board of
5  Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

6        In addition, plaintiff is informed that the court cannot refer to a prior pleading in
7  order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an
8  amended complaint be complete in itself without reference to any prior pleading.  This is
9  because, as a general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux
10 v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original
11 pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
12 original complaint, each claim and the involvement of each defendant must be sufficiently
13 alleged.

14       In accordance with the above, IT IS HEREBY ORDERED that:

15       1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

16       2.  Plaintiff is obligated to pay the statutory filing fee of $150.00 for this action.
17 The fee shall be collected and paid in accordance with this court's order to the Director of the
18 California Department of Corrections filed concurrently herewith.

19       3.  Plaintiff's complaint is dismissed.

20 /////
21 //////
22 /////
23 /////
24 /////
25 /////
26 /////

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED: May 13, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

2
neig2238.14a