IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH ALLEN NEIGHBORS,

      Plaintiff,                              No. CIV-S-04-2238 GEB KJM P

    vs.

R. AGATHA, et al.,

      Defendants.                   FINDINGS & RECOMMENDATIONS

_____/

        In its order of May 16, 2005, the court dismissed plaintiff's complaint and gave him leave to amend. Plaintiff has now filed his amended complaint.

        As previously noted, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Plaintiff seeks compensatory and declaratory relief against employees of the Amador County Superior Court Clerk's Office for failing to file a "Notice of Motion To Vacate Judgment And Declaration" in a small claims action that had been decided adversely to him. Court personnel are entitled to absolute immunity from suit for actions that are "an integral part of the judicial process." Mullis v. U.S. Bankr. Court, 828 F.2d 1385, 1390 (9th Cir. 1987). A clerk's management of court records and information is an integral part of the judicial process. Therefore, plaintiff cannot seek monetary damages from defendants.

Plaintiff also asks the court to issue a declaratory judgment that defendants' actions deprived him of his right of access to the courts and to due process. However, the court noted in its May 16 order that a claimed denial of access to the courts must be supported by a showing that the underlying action was not frivolous. Christopher v. Harbury, 536 U.S. 403, 413-15 (2002). In addition, although the court noted that a procedural due process claim arises only when a constitutionally protected liberty or property interest is at stake, plaintiff's amended

1 | pleading does not identify the interest allegedly protected by due process.  Accordingly, the
2 | amended complaint fails to state a claim.
3 |     Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed.
4 |     These findings and recommendations are submitted to the United States District
5 | Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
6 | days after being served with these findings and recommendations, plaintiff may file written
7 | objections with the court.  The document should be captioned "Objections to Magistrate Judge's
8 | Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
9 | specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951
10 | F.2d 1153 (9th Cir. 1991).
11 | DATED:  December 7, 2005.

                _____
                UNITED STATES MAGISTRATE JUDGE

2
neig2238.56